260 Cal.App.2d 765 (1968)
Estate of HARRY SOFORENKO, Deceased. VIRGINIA RICHMOND, Objector and Appellant,
v.
SAMUEL J. SPITZER, as Successor Executor, etc., Petitioner and Respondent. [260 Cal.App.2d 766]
Civ. No. 31435. 
California Court of Appeals. Second Dist., Div. Four. 
Apr. 3, 1968.
 Willard D. Horwich for Objector and Appellant.
 Leo Branton, Jr., for Petitioner and Respondent.
 COLLINS, J. pro tem. [fn. *]
 Appellant's notice of appeal purports to be "from the order and judgment, on October 7, 1966, known as Item 501 and Item 502 heard on October 6, 1966, ... and noticed to Virginia Richmond on October 11, 1966, ..." The record shows that the matter of the executor's first "Account Current and Report ..." was heard on October 6, 1966, that no hearing was had or order made on October 7, 1966; that a formal order titled "Decree Settling First Account Current" was signed and filed on October 19, 1966. At oral argument appellant's counsel advised the court that the intended appeal was from this latter order (called "Decree"), and we shall so treat it. [fn. 1]
 [1] Appellant attacks the jurisdiction of the court on the ground that the matter was heard and determined by a commissioner sitting as judge pro tempore without compliance having been had with a constitutional provision for a stipulation by the parties litigant. (Cal. Const., art. VI, 5.) [fn. 2] The record shows that, at the hearing, appellant was represented by an attorney who noted his appearance on the record; he voiced no objection to the matter being heard by the commissioner, and he participated fully in the hearing which ensued. He examined the executor as a witness at some length. He argued appellant's objections to the account, and the asserted inadequacy of the report. At the conclusion of the hearing and in response to the court's inquiry as to findings, the attorney replied "Findings waived," as did the attorney for the executor. We construe all this deportment on the part of appellant's attorney as tantamount to a stipulation that the matter could be heard by the commissioner. California Rules of Court, rule 244, which deals with the selection of judges pro tempore is by subdivision (b) of the rule expressly made *767 inapplicable to the selection of a court commissioner to act as a judge pro tempore. The appointment of a commissioner as judge pro tempore is governed by Code of Civil Procedure, section 259a, subdivision 4. Under all the circumstances, we find that there was no error in a commissioner serving as a judge pro tempore in this instance.
 Appellant's second ground of attack is that the court did not require the executor to file a supplemental inventory which would list certain items of property (i.e., copyrights, partnership and joint ownership interests) which appellant contends are assets of the estate. The position of the original executor (Weiner), at the time of the hearing on his account, was that he had no knowledge of the existence of assets of the character described by appellant. The executor acknowledged that in a federal court action brought by appellant against the decedent for alleged copyright infringement (in which Weiner as executor was substituted as party defendant), the court upheld the defense that there could be no infringement because the decedent had an interest in the copyrights. In that case the trial court found the "copyrights to be owned in joint venture by the plaintiff and defendant, ..." On appeal this determination by the United States District Court was affirmed. (See Richmond v. Weiner (9th Cir. 1965) 353 F.2d 41.) The United States Court of Appeals stated that the deceased was "at all material times ... a joint owner" with the present appellant. (353 F.2d at page 46.) [fn. 3]
 Appellant's position, as we interpret it, is that failure to treat assets in the first account and report forecloses her from raising the point thereafter in the probate proceedings. We do not agree; we find no cases to support the argument. Certainly, if assets are discovered at anytime during the course of probate, supplemental inventories may be filed.probate Code, section 611, requires that an inventory be filed within two months after discovery; "and the making of such inventory may be enforced, after notice, by attachment or removal from office." We do not agree that the record supports appellant's claim that the trial court ordered the original executor to *768 submit a supplemental inventory showing copyright and partnership items as assets. The colloquy between court and counsel at the hearing simply resulted in a declaration of their common understanding that, if the existence of such assets was established later, they should be reported in a supplemental inventory, account and report.
 We find no error requiring our correction.
 The order is affirmed.
 Files, P. J., and Kingsley, J., concurred.
NOTES
[fn. *] *. Assigned by the Chairman of the Judicial Council.
[fn. 1] 1. On December 11, 1967, this court upon application and good cause shown, ordered that Samuel J. Spitzer, Executor, be substituted as the respondent in place of Albert Weiner, who had resigned as executor prior to the filing of respondent's brief herein.
[fn. 2] 2. Shortly after the trial court hearing in this matter, constitutional amendments were adopted, effective November 8, 1966, which resulted in the repeal of former section 5 and the addition of new section 21 of article VI which authorizes the court upon stipulation of the parties to designate a member of the State Bar as a temporary judge. The variant language is not significant here.
[fn. 3] 3. At oral argument appellant claimed a "joint tenancy" interest in the alleged assets which had not been included in the probate inventory. Somewhat less emphatically she made the same claim in her opening brief, and it further appears that she made the same claim in the alternative when the matter was considered by the trial court. These circumstances tend to support the executor's delay in including the items in inventories until such time as their true character had been determined in a plenary action.