[*Crim. No. 6819. First Dist., Div. One. Oct. 25, 1968.*]

THE PEOPLE, Plaintiff and Respondent, v. STEVE
TAPPAN, Defendant and Appellant.

Paul Mike Goorjian, under appointment by the Court of Appeal, for Defendant and Appellant.

814

Thomas C. Lynch, Attorney General, Robert R. Granucci and John T. Murphy, Deputy Attorneys General, for Plaintiff and Respondent.

ELKINGTON, J.—Defendant was convicted after a court trial of a violation of Health and Safety Code section 11530 (possession of marijuana) and was thereafter placed on probation. He appeals from the ''judgment.'' For the purpose of appeal an order granting probation is deemed a final judgment. (Pen. Code, § 1237, subd. 1.)

Defendant contends that the evidence on which he was convicted was unsubstantial and highly improbable. Particularly he urges that there was no evidence of possession or knowledge by defendant.

As was stated in *People* v. *Daugherty,* 40 Cal.2d 876, 885 [256 P.2d 911], ''The test on appeal is whether there is substantial evidence to support the conclusion of the trier of fact. It is not whether guilt is established beyond a reasonable doubt.'' (See also *People* v. *Newland,* 15 Cal.2d 678, 680 [104 P.2d 778] ; Witkin, Cal. Criminal Procedure (1954) §§ 683-685, pp. 666-669.)

We find the following evidence in the record.

 Officer Martin had almost 10 years experience in the police narcotic detail. He was familiar with marijuana and the manner in which it is packaged for use. Investigating information from the ''Federal Bureau of Investigation'' that the manager of an apartment house had reported suspected narcotics activity in apartment ''504,'' he called upon the manager. He was told that there were numerous visitors to that apartment ''during all hours.'' The apartment building was known to the officer to be located in a prime area of narcotics and drug activity. Accompanied by another officer and the apartment house manager, he went to apartment ''504'' and knocked on the door. As the door was opened by a ''juvenile,'' Officer Martin saw what appeared to be a partially consumed marijuana cigarette lying about four feet away on the hall floor. The living room was well lighted and it cast its light into the hallway. The officers identified themselves, entered and picked up the cigarette. Defendant and four other persons were in the apartment. In the living room the officers found a sifter used to cure marijuana, containing more than eight grams of the substance, another partially consumed marijuana cigarette in a cosmetic case, still another

such cigarette in a box with wheat straw papers, a match box containing more than three grams of marijuana, and a coin purse, pipe and another container, all containing marijuana. During the search defendant was seated on a sofa. Upon his being requested to stand, the officers saw a marijuana cigarette on top of a sofa "cushion that [defendant] Mr. Tappan had just stood up from."

Defendant admitted on cross-examination that prior to the officers' entry he had seen "the marijuana or some of the marijuana that was found in the apartment." It was stipulated that he knew the narcotic character of marijuana.

The foregoing evidence is substantial and it is not inherently or highly improbable. As stated in *People* v. *Flores,* 155 Cal.App.2d 347, 349 [318 P.2d 65], ▮ "Possession and knowledge may be proved circumstantially and the evidence at bar is sufficient to support those inferences. Exclusive possession of the premises is not necessary nor is physical possession of the drug of the essence." ▮ From the evidence here the trial judge reasonably could infer that defendant had dominion and control at least over the marijuana cigarette upon which he was seated. And, as indicated, defendant stipulated that he knew of the substance's narcotic nature.

▮ Next, defendant insists that the entry and search by the officers was violative of the Fourth Amendment. We find no merit in the argument. The officers were investigating a report of narcotic activity. They were rightfully in the public hallway of the apartment house. ▮ Such a hallway is not a constitutionally protected area. (See *People* v. *Seals,* 263 Cal.App.2d 575, 577-580 [69 Cal.Rptr. 861].) ▮ And the court could reasonably have drawn the inference of permission by the apartment house manager who accompanied the officers. The officers rang the doorbell of the apartment and as the door opened they saw a marijuana cigarette on the floor. Observing the commission of a felony in their presence, they had the right to arrest the apartment's occupants (*People* v. *Schmidt,* 178 Cal.App.2d 865, 870 [3 Cal.Rptr. 438]) and to make a search of the apartment as an incident to the arrest. (*Ker* v. *California,* 374 U.S. 23, 41-43 [10 L.Ed.2d 726, 742-744. 83 S.Ct. 1623]; Witkin, Cal. Evidence (2d ed.), § 106. p. 104.)

Finally, defendant contends that he was denied a fair trial because he had been prejudged guilty by the trial judge. This contention is based on the following circumstance. Several defendants, including defendant Tappan, had moved to set

aside the information pursuant to Penal Code section 995. Ruling on the motion the court said, "Yes, as to [defendants] Cox and Tine it is granted. Although, I have the feeling that they are probably just as guilty as Mr. Tappan."

█ It is doubtful that the quoted comment of the trial judge showed a prejudice disqualifying him from trying defendant's case. The judge had read a transcript of the evidence taken at defendant's preliminary examination. He was required under the law to dismiss the charge unless he concluded from the transcript that the evidence "would lead a man of ordinary caution or prudence to believe, and conscientiously entertain" therefrom a strong suspicion of defendant's guilt. (*People* v. *Nagle,* 25 Cal.2d 216, 222 [153 P.2d 344].) The law, then, contemplates that a judge denying a motion under Penal Code section 995 might as a reasonable man properly and conscientiously entertain a strong suspicion of defendant's guilt without thereby being disqualified as a matter of law from trying the case. There is little difference between such a state of mind and that indicated by the comment of the judge. The judge appears to have done no more than vocalize his views of Tappan's probable guilt, views which were impliedly invited by defendant's motion.

The following language of the court in *Kreling* v. *Superior Court,* 25 Cal.2d 305, 312 [153 P.2d 734], seems pertinent here: "[W]hen the state of mind of the trial judge appears to be adverse to one of the parties but is based upon actual observance of the witnesses and the evidence given during the trial of an action, it does not amount to that prejudice against a litigant which disqualifies him in the trial of the action. It is his duty to consider and pass upon the evidence produced before him, and when the evidence is in conflict, to resolve that conflict in favor of the party whose evidence outweighs that of the opposing party. The opinion thus formed, being the result of a judicial hearing, does not amount to that bias and prejudice contemplated by section 170, subdivision 5 of the Code of Civil Procedure. . . ." (See also *People* v. *Yeager,* 55 Cal.2d 374, 391 [10 Cal.Rptr. 829, 359 P.2d 261].)

Following the trial judge's comment defendant seemed to have had no fear of any prejudice. Although permitted to peremptorily disqualify the judge under Code of Civil Procedure section 170.6 he took no proceedings therefor. He showed further confidence in the judge's impartiality by waiving a trial by jury, thus consenting to be tried by the very judge

now claimed to have been prejudiced. No indication of the judge's unfairness presented itself at the trial—at least defendant points to none.

■ It is noted that defendant's claim that the judge was prejudiced is raised for the first time on this appeal. "Generally, where bias and prejudice against a trial judge is claimed, the issue must be raised when the facts first become known, and in any event, before the matter is submitted for decision. This is so for the reasons stated by the court in *Rohr* v. *Johnson,* 65 Cal.App.2d 208, 212 [150 P.2d 5] : 'A party should not be allowed to gamble on a favorable decision and then raise such an objection in the event he is disappointed in the result.' " (*In re Cavanaugh,* 234 Cal.App.2d 316, 321 [44 Cal.Rptr. 422].) And when a party has had an opportunity to challenge a judge under Code of Civil Procedure section 170.6 after a claimed indication of prejudice, the failure to do so is a strong indication that the contention on appeal that the trial court was prejudiced lacks merit. (See *Mueller* v. *Chandler,* 217 Cal.App.2d. 521, 522 [31 Cal.Rptr. 646] ; *Gruner* v. *Barber,* 207 Cal.App.2d 54, 56 [24 Cal.Rptr. 292].) The record indicates that defendant's case was fairly tried. We see no error, certainly none of which the defendant may now complain.

The order granting probation (described as "the judgment" in the notice of appeal) is affirmed.

Molinari, P. J., and Sims, J., concurred.

A petition for a rehearing was denied November 22, 1968, and appellant's petition for a hearing by the Supreme Court was denied December 18, 1968.