[No. A034702. First Dist., Div. Two. Jan. 27, 1988.]

In re ROBERT S., a Person Coming Under the Juvenile Court Law.
ALAMEDA COUNTY DEPARTMENT OF SOCIAL SERVICES,
Plaintiff and Respondent, v.
GEORGE S. et al., Defendants and Appellants.

[Opinion certified for partial publication.*]

---

*Pursuant to rules 976 and 976.1, California Rules of Court, this opinion is certified for publication with the exception of that portion designated "FACTS" and section II.

COUNSEL

Henrikson & Gee, Kyle Gee, Mintz, Giller, Himmelman & Mintz and Frances S. Kaminer for Defendants and Appellants.

Richard J. Moore, County Counsel, and Nancy E. Fenton, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

ROUSE, Acting P. J.—Defendants George and Joann S. appeal from a judgment entered February 18, 1986, declaring the minor, Robert William S., free from their parental custody and control. Defendants contend on appeal that the judgment should be reversed because (1) although the parents and their counsel stipulated to a hearing by a judge pro tempore, the stipulation was invalid because it was not in writing pursuant to California

Rules of Court, rule 244, and (2) the court abused its discretion in admitting the testimony of two expert witnesses: Dr. Gil, a licensed marriage, family and child counselor with a Ph.D. in marital and family therapy and a master's degree in psychology, and Ms. Diane Wood, Mr. S.'s parole officer.

FACTS*

. . . . . . . . . . . . . . . . . . . .

I

It is undisputed that both defendants, personally and through their respective counsel, orally stipulated to the judge pro tempore. Both Mr. and Mrs. S. contend, however, that the court lacked jurisdiction to terminate their parental rights because they did not stipulate *in writing* to a hearing by a judge pro tempore. We find this argument to be without merit.

Article VI, section 21 of the California Constitution authorizes trial by a judge pro tempore as follows: "On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause." Although the California Constitution does not specify the method of stipulation, at the time of trial rule 244 of the California Rules of Court provided:[2] "(a) The stipulation of parties litigant that a case may be tried by a temporary judge shall be in writing and shall set out in full the name and office address of the member of the State Bar agreed upon to act as temporary judge, and shall be submitted to the presiding judge, or to the judge in whose department the case is pending in courts which do not have a presiding judge. If the member of the State Bar agreed upon consents so to act and if the selection is approved by the judge, the approval and order designating the person selected as temporary judge shall be endorsed upon

---

* See footnote, *ante,* page 1260.

[2] Rule 244 has since been amended, effective July 1, 1987, to provide as follows: "The stipulation of the parties litigant that a case may be tried by a temporary judge shall be in writing and shall state the name and office address of the member of the State Bar agreed upon. It shall be submitted for approval to the presiding judge or to the supervising judge of a branch court. The order designating the temporary judge shall be endorsed upon the stipulation, which shall then be filed. The temporary judge shall take and subscribe the oath of office, which shall be attached to the stipulation and order of designation, and the case shall then be assigned to the temporary judge for trial. After the oath is filed, the temporary judge may proceed with the hearing, trial, and determination of the case. [¶] A filed oath and order, until revoked, may be used in any case in which the parties stipulate to the designated temporary judge. The stipulation shall specify the filing date of the oath and order. [¶] This rule does not apply to the selection of a court commissioner to act as a temporary judge."

the stipulation, which shall then be filed. The temporary judge so selected shall take and subscribe the oath of office, which shall be attached to the stipulation and order of approval, and the case shall then be assigned to the temporary judge for trial. After the filing of the oath, the temporary judge may proceed with the hearing, trial and determination of the case. [¶] (b) Subdivision (a) of this rule does not apply to the selection of a court commissioner to act as a temporary judge." ▮ If a valid stipulation is not made, then the court is without jurisdiction and the judgment is void. (*In re Mark L.* (1983) 34 Cal 3d 171, 176; *In re Plotkin* (1976) 54 Cal.App.3d 1014, 1016-1017.)

The courts have specifically rejected any requirement that the stipulation be in writing in cases where California Rules of Court, rule 244(a), is inapplicable because the case is heard by a commissioner. Thus, in *In re Mark L., supra,* 34 Cal.3d 171, the court held that the decision of a court commissioner who was sitting as a juvenile referee was valid and exempt from further review by a juvenile judge because the commissioner was acting as a judge pro tempore and the parties, by their conduct, were deemed to have stipulated to this arrangement. (*Id.,* at pp. 177-180.) The court cited with approval a long line of cases holding that a stipulation to hearing before a commissioner acting as a judge pro tempore may be implied from the conduct of the party who voluntarily participates in the proceeding, vigorously presents the case, and raises no objection. (*Id.,* at p. 178, citing *People* v. *Oaxaca* (1974) 39 Cal.App.3d 153 [114 Cal.Rptr. 178] [sentence was validly imposed by a commissioner acting as a judge pro tempore despite absence of express stipulation where defendant was represented by counsel and participated in the proceedings]; *Estate of Soforenko* (1968) 260 Cal.App.2d 765 [67 Cal.Rptr. 563] [objector to a final accounting who was represented by counsel, who did not object and who participated fully, was deemed to have stipulated that the commissioner had the power to act as a judge].)

The court in *In re Mark L.,* however, noted that its holding was limited to cases in which a *commissioner* sits as a judge pro tempore and that therefore rule 244(a) did not apply. (*In re Mark L., supra,* 34 Cal.3d 171, 178, fn. 5.) The court declined to reach the question of the effect of a failure to comply with rule 244(a) on the validity of a judgment entered by a temporary judge who is not a commissioner. However, the court noted that "it may not be possible to vest [an attorney or referee] with full judicial power merely by participating before him." (*Ibid.*)

▮ In this case, it appears that Douglas Rigg was a retired referee of the juvenile court at the time of trial. Thus the provisions of rule 244(a) were applicable to his selection as a temporary judge (Cal. Rules of Court,

rules 244(a), 1316(b)); therefore, we are faced with the issue not addressed in *In re Mark L.,* i.e., does the failure to comply with that rule render the judgment void? However, unlike the situation in *In re Mark L.,* it is undisputed that the parties and their counsel *expressly* stipulated on the record to the proceeding before the judge pro tempore. Despite the existence of an express stipulation on the record, defendants would have us elevate the method for memorializing a stipulation set forth in rule 244(a) to the level of a constitutional prerequisite to clothing an attorney selected under that rule with the powers of a temporary judge. We decline to do so.

In reaching our conclusion that the failure to comply with rule 244(a) does not void the judgment, we rely, in the first instance, on the plain language of article VI, section 21, of the California Constitution, which requires only that there be a "stipulation of the parties litigant." The cases interpreting the constitutional provision have rejected any requirement that the stipulation be express. (See, e.g., *In re Mark L., supra,* 34 Cal.3d 171, 179-180; *People* v. *Oaxaca, supra,* 39 Cal.App.3d 153, 161.) If a valid stipulation may be implied from conduct, then, a fortiorari, an *express,* albeit oral, stipulation to a hearing by a retired juvenile court referee acting as a judge pro tempore such as the one put on record in this case is sufficient to satisfy the constitutional requirements of article VI, section 21.[3]

Second, we note that the 1966 amendment to this constitutional provision eliminated language expressly incorporating the rules of the Judicial Council. Article VI, section 21, is based on the third paragraph of former article VI, section 5, of the California Constitution, which provided: "Upon stipulation of the parties litigant or their attorneys of record a cause in the superior court or in a municipal court may be tried by a judge pro tempore who must be a member of the bar sworn to try the cause, and who shall be

---

[3] The trial commenced on November 19, 1985, before a judge pro tempore, The Honorable Douglas Rigg. Shortly after the afternoon session had begun, but after five witnesses had already testified, the following exchange took place: "THE COURT: Before we proceed any further, there is a preliminary matter that we should have taken care of this morning. [¶] I'm sitting as Judge Pro Tempore and I don't know whether or not I have been advised—there are no written waivers on file and I think we'd better take care of that at this stage in the proceedings. [¶] Ms. FENTON [counsel for Alameda County]: Your Honor, I will stipulate to your hearing this matter. [¶] Ms. NOLAN [counsel for Mrs. S.] I would join in that stipulation. [¶] MR. McBRIDE [counsel for Mr. S.]: I would stipulate also. THE COURT: It's a matter of your clients. They have to stipulate too, I believe. [¶] Maybe I'd better ask them both. [¶] Mr. and Mrs. [S.], I'm sure your attorneys have each individually advised you that I'm sitting today as what's known as a temporary judge; that you could have your matter heard by one of the regular judges of the Superior Court, but I was advised by telephone that your lawyers and you have agreed to have me sit as a judge. I am qualified as a judge. I was a senior referee of a juvenile court. I am not a judge and have never been elected judge or appointed judge by the governor. Are you each agreed that I hear your case as a judge? [¶] MR. [S.]: Yes, sir. [¶] THE COURT: Mrs. [S.]? [¶] MRS. [S.]: Yes, Your Honor."

empowered to act in such capacity in the cause tried before him until the final determination thereof. The selection of such judge pro tempore shall be subject to the approval and order of the court in which said cause is pending *and shall also be subject to such regulations and orders as may be prescribed by the Judicial Council.*" (Italics added.) In 1966 the new article VI, section 21, was adopted, providing simply that, "On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause." Thus, the language of former article VI, section 5, expressly providing that the selection of a judge pro tempore is "subject to such regulations and orders as may be prescribed by the Judicial Council," was eliminated. Based on the omission of the requirement that the selection of a temporary judge be subject to the rules of the Judicial Council, we conclude that compliance with rule 244(a) is not a constitutional prerequisite to empowering a temporary judge to act.

Having concluded that compliance with rule 244(a) was not a prerequisite to the court's jurisdiction, we hold that an objection to the proceeding, based on the absence of a written stipulation pursuant to rule 244(a), was waived not merely by defendants' failure to object, but also by their express consent to the proceedings. We agree with the *Oaxaca* court that " ' "It would seem . . . intolerable to permit a party to play fast and loose with the administration of justice by deliberately standing by without making an objection of which he is aware and thereby permitting the proceeding to go to a conclusion which he may acquiesce in, if favorable, and which he may avoid, if not." ' " (*People* v. *Oaxaca, supra,* 39 Cal.App.3d 153, 164.)

Also, we are not persuaded by Mr. S.'s contention that, in order to vest the court with jurisdiction, the stipulation must be made before any evidence has been presented. Mr. S. is unable to cite any relevant authority for this proposition. The only case he cites is *Louisiana-Pacific Corp.* v. *Philo Lumber Co.* (1985) 163 Cal.App.3d 1212 [210 Cal.Rptr. 368] . In that case this court held that when a party properly makes a motion under Code of Civil Procedure section 170.6 and the judge against whom it is directed fails to disqualify himself, all subsequent orders and the judgment are null and void. (*Id.,* at p. 1219.) The court further held that the voluntary dismissal of the moving party did not restore the court's jurisdiction. (*Ibid.*)

Mr. S. urges that some inexplicable analogy exists between the issue before us and the validity of judgments following a Code of Civil Procedure section 170.6 motion. We are unable to find such an analogy. We are not here dealing with a case such as the one presented in *Louisiana-Pacific Corp.,* in which the judge entered an order or judgment even though he was disqualified to act. Rather, the judge here obtained the stipulation of the

parties and their counsel early in the proceedings and prior to issuing his order or judgment. The judgment, therefore, was valid.

In any event, we note that Mr. S.'s argument that the stipulation must be obtained at the outset is inconsistent with the court's recognition of stipulation implied by conduct. The conduct deemed to constitute a stipulation may not fully appear until each of the parties puts on its case and vigorously defends. Nonetheless, the courts have upheld the validity of the judgment under these circumstances. (See, e.g., *In re Mark L., supra,* 34 Cal.3d 171, 178.)

For the foregoing reasons, we conclude the retired juvenile court referee did have the judicial power to preside over the trial and enter judgment pursuant to article VI, section 21, of the California Constitution.

II.*

. . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Smith, J., and Benson, J., concurred.

---

*See footnote, *ante,* page 1260.