[Civ. No. 46911. Second Dist., Div. Two. Jan. 29, 1976.]

In re SHELDON C. PLOTKIN on Habeas Corpus.

**COUNSEL**

Posner & Newman and Jack M. Newman for Petitioner.

No appearance for Respondent.

**OPINION**

**ROTH, P. J.**—In this habeas corpus proceeding we are called upon to decide whether a commissioner was properly appointed to hear an order to show cause proceeding, and if so whether he exceeded his jurisdiction in ruling on the contempt which resulted.

Petitioner, Sheldon C. Plotkin, was retained as an expert witness by attorneys for the plaintiff in a cause of action against Datsun Motor Company. No fee was agreed upon and thereafter a dispute arose with

respect thereto and as a consequence petitioner refused to give his deposition. Thereafter petitioner responded to an order to show cause on May 19, 1975, before Commissioner Levin, acting as a judge pro tem., pursuant to the application of Datsun and on that date petitioner was ordered to appear and testify on June 26th, 1975. The order also specified that if Datsun and petitioner could not agree on a fee prior to June 26th, petitioner could apply for expert witness fees pursuant to section 68092.5 of the Government Code. The order to show cause was then continued to July 9, 1975. At the hearing held on May 19, 1975, petitioner was, as noted above, personally present but he was not represented by counsel and only counsel for Datsun stipulated that Commissioner Levin could act as a judge pro tem.

On June 3, 1975, petitioner wrote to plaintiff's attorney, with a copy to the attorneys for Datsun in which he notified the parties that he would not appear for the deposition on June 26, 1975, nor would he appear in court on July 9, 1975, stating further that he was withdrawing from the case due to the fact that he was being forced to testify for an unfixed fee.

Petitioner did not appear for the deposition hearing on June 26th, nor did he appear in court on July 9. On July 9th a stipulation was entered into by respective counsel for plaintiff and Datsun authorizing Commissioner Levin to hear the evidence in respect of petitioner's failure to comply with the order of May 19th and take appropriate action. Petitioner was not present. The court having heard the evidence found petitioner in contempt and sentenced him to serve five days in jail; sentence was suspended and petitioner was placed on summary probation on condition that he pay the sum of $500 to counsel for Datsun.

Thereupon petitioner filed a petition in this court for writ of prohibition, and/or certiorari. We stayed the order and treat the petition as one for writ of habeas corpus.

■ Article VI, section 21 of the California Constitution provides: "On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause." In *Rooney* v. *Vermont Investment Corp.* (1973) 10 Cal.3d 351 [110 Cal.Rptr. 353, 515 P.2d 297], the court reconciled this constitutional provision with Code of Civil Procedure section 259a. In so doing the court ruled that a court commissioner could only perform "subordinate judicial duties" and in order to perform regular judicial duties a stipulation had to be entered

into by the parties litigant as provided for in article VI, section 21 of the California Constitution. In *Sarracino* v. *Superior Court* (1974) 13 Cal.3d 1 [118 Cal.Rptr. 21, 529 P.2d 53], the court held that "parties litigant" were those parties that were before the court. The court also stated that "cause" as that word is used in article VI, section 21 is the proceeding before the court. (13 Cal.3d at p. 9.) At bench the cause before the court was an order to show cause, the violation of which could result in petitioner's losing his liberty through incarceration. (Code Civ. Proc., § 1218.) Two parties were involved in the "cause" before the court. One was Datsun which wanted to take petitioner's deposition and the other was petitioner who was demanding that he receive his expert witness fees before he testified.

On the facts recited petitioner was a party litigant in the cause as that term is used in article VI, section 21. In addition, the issuance of an order which can have the effect of placing the violator thereof in jail is not a "subordinate judicial duty." Before a commissioner may act as a judge the *parties litigant* must so stipulate. Since petitioner was not a party to the stipulation at either hearing, that on May 19th or the one on July 9th, the commissioner's acts were null and void by virtue of article VI section 21.

It appears clear that the commissioner did not have the authority to act on May 19, 1975; the order then made was invalid and the second order made on July 9th was invalid and in excess of the commissioner's jurisdiction.

The petition is granted and the order holding petitioner in contempt and ordering him to pay $500 to the attorneys for Datsun is annulled.

Fleming, J., and Compton, J., concurred.