[No. A094158. First Dist., Div. Three. Feb. 28, 2002.]

In re BRITTANY K. et al., Persons Coming Under the Juvenile Court Law.
SONOMA COUNTY HUMAN SERVICES DEPARTMENT, Plaintiff and Respondent, v.
DIANNE C., Defendant and Appellant;
ELLEN J., Intervener and Appellant.

**[Opinion certified for partial publication.†]**

---

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I., II., III., and V.

806

## COUNSEL

Konrad S. Lee for Defendant and Appellant.

Carole Greeley for Intervener and Appellant.

Steven M. Woodside, County Counsel, and Bruce D. Goldstein, Deputy County Counsel, for Plaintiff and Respondent.

Francia M. Welker for Minors.

## OPINION

McGUINESS, P. J.—Appellants Dianne C. and Ellen J., the birth mother and maternal grandmother of minors Brittany and Amanda K. (the Minors), appeal from permanent placement plan orders finding the Minors adoptable, terminating Dianne's parental rights, and denying placement of the Minors with the maternal grandmother. On this appeal, Dianne C. (Mother) contends the juvenile court improperly determined that she had failed to meet her burden of demonstrating under Welfare and Institutions Code section 366.26, subdivision (c)(1)(A)[1] that her parental rights should not be terminated. Ellen J. (Grandmother) contends that the order terminating Mother's parental rights is void because it was made by a court commissioner sitting as a referee without the stipulation of appellants, and without subsequent approval by a judge; and that the order referring the Minors for adoption must be reversed because respondent Sonoma County Human Services Department (Department) failed properly to assess Grandmother for relative placement, and the juvenile court failed to place the Minors with the Grandmother or explain why it was not doing so. Each of the two appellants joins in the arguments of the other.

Separately, the Minors move this court to take additional evidence concerning the Minors' current circumstances, and argue that in light of alleged changed circumstances with respect to the Minors' prospective adoptive parents the case should be reversed and remanded for further proceedings to determine whether long-term foster care or guardianship is the best alternative for the. Minors. Concurring in part in the contentions of the Minors, appellants Mother and Grandmother join in the request that the matter be reversed and remanded for further proceedings.

---

[1] Unless otherwise indicated, all further unspecified statutory references are to the Welfare and Institutions Code.

All parties, including the respondent Department, acknowledge this to be an unusually difficult and painful case. Based on our careful review of the complete record, including our previous decision denying Mother's petition for writ review of the juvenile court orders terminating reunification services and setting a section 366.26 permanency planning hearing, we conclude that the juvenile court did not err or abuse its discretion, and there are no grounds for reversal. We therefore affirm the juvenile court's orders in their entirety.

I.-III.*

. . . . . . . . . . . . . . . . . . . . . . . . .

## IV. FAILURE TO STIPULATE TO COMMISSIONER PRESIDING AT HEARING

■ In her lead argument on appeal, Grandmother argues that the juvenile court's decision and orders were "void and ineffective" because the section 366.26 hearing was heard by a court commissioner sitting as "a referee" without the stipulation of appellants and without subsequent approval by a judge. The contention is meritless.

At the outset of the contested hearing, the juvenile court commissioner stated on the record that because she had already made prior orders setting the contested hearing before her without any objection by the parties, they had waived any contention that she should not preside at the hearing. Counsel for Mother thereupon stated his willingness to stipulate to the matter being heard by the commissioner and noted that he had advised his client so to stipulate as well, although he was not sure she was willing to do so because she was not present. Counsel for Grandmother, on the other hand, stated his client's refusal to stipulate to the commissioner. At that point, the commissioner ordered a recess to ascertain whether Mother would be attending the hearing. After the recess, Mother's counsel indicated his client was too "scared to come." Nothing more was said regarding Mother's consent to the hearing being held before a commissioner. Thereafter, the contested section 366.26 hearing proceeded with Grandmother and all the other parties participating, and with no further reference to the issue of whether the parties agreed to it being held before the commissioner.

■ ▬ ■ Under the California Constitution, court commissioners may perform "subordinate judicial duties" including the trying of cases, subject to the stipulation of the parties. (Cal. Const., art. VI, §§ 21, 22; *In re Horton* (1991) 54 Cal.3d 82, 90 [284 Cal.Rptr. 305, 813 P.2d

*See footnote, *ante*, page 805.

1335].)[21] Code of Civil Procedure section 259 provides that "every court commissioner shall have the power" to "[a]ct as temporary judge when otherwise qualified so to act and when appointed for that purpose, *or* by written consent of an appearing party." (Code Civ. Proc., § 259, subd. (e), italics added.) California Rules of Court, rule 880(1) defines a " '[t]emporary judge' " as "a member of the State Bar appointed pursuant to article VI, section 21 of the California Constitution and rule 244." (Unless otherwise indicated, all further references to rules are to the California Rules of Court.) Rule 244 in turn sets out the general requirement that trial of a matter by a temporary judge be subject to written stipulation of the parties, but also states that this requirement "does not apply to the selection of a court commissioner to act as a temporary judge." (Rule 244(a).)[22] A referee, on the other hand, is defined as "a person appointed under section 638 or 639 of the Code of Civil Procedure."[23] (Rule 880(2).) Under sections 247 through 254 of the Welfare and Institutions Code, referees may also be appointed to

---

[21]"On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause." (Cal. Const., art. VI, § 21.)

"The Legislature may provide for the appointment by trial courts of record of officers such as commissioners to perform subordinate judicial duties." (Cal. Const., art. VI, § 22.)

"Since 1862, our Constitution has contemplated the use of court commissioners to perform 'chamber business' [citation], now referred to as 'subordinate judicial duties.' [Citations.] In addition, since 1879, our Constitution has permitted a cause to be tried in the superior court by a temporary judge. [Citations.] . . . . [¶] The jurisdiction of a court commissioner, or any other temporary judge, to try a cause derives from the parties' stipulation. [Citation.] Thus in the absence of a proper stipulation, the judgment entered by the court commissioner . . . would be void. [Citations.]" (*In re Horton, supra,* 54 Cal.3d at p. 90.)

[22]After setting out various requirements that, among other things, "the stipulation of the parties that a case may be tried by a temporary judge must be in writing" and "must be submitted for approval to the presiding judge or to the supervising judge of a branch court," and that "[t]he order designating the temporary judge must be endorsed upon the stipulation, which must then be filed," rule 244 twice specifically states that "[t]his subdivision does *not* apply to the selection of a court commissioner to act as a temporary judge." (Cal.Rules of Court, rule 244(a), (b), italics added.)

[23]Code of Civil Procedure section 638 provides in pertinent part: "A referee may be appointed *upon the agreement of the parties* filed with the clerk, or judge, or entered in the minutes, or upon the motion of a party to a written contract or lease that provides that any controversy arising therefrom shall be heard by a referee *if the court finds a reference agreement exists between the parties*: [¶] (a) To hear and determine any or all of the issues in an action or proceeding, whether of fact or of law, and to report a statement of decision. [¶] (b) To ascertain a fact necessary to enable the court to determine an action or proceeding." (Code Civ. Proc., § 638, subds. (a), (b), italics added.)

Code of Civil Procedure section 639 provides in pertinent part: "(a) When the parties do not consent, the court may, upon the written motion of any party, or of its own motion, appoint a referee in the following cases . . . : [¶] (1) When the trial of an issue of fact requires the examination of a long account on either side . . . . [¶] (2) When the taking of an account is necessary for the information of the court before judgment, or for carrying a judgment or order into effect. [¶] (3) When a question of fact, other than upon the pleadings, arises upon motion or otherwise, in any stage of the action. [¶] (4) When it is necessary for the

preside in juvenile court matters.[24] These provisions make it clear that by their nature, the functions and powers of a referee are more limited than those of a temporary judge, and more subject to the agreement and consent of the parties. Thus, the subordinate judicial classifications of referee and temporary judge are distinct, vested with different powers, and subject to differing procedural constraints. (§§ 247-253; Code Civ. Proc., §§ 259, 638-645; rules 1415-1418; see *Badgley v. Van Upp* (1993) 20 Cal.App.4th 218, 222-225 [24 Cal.Rptr.2d 406]; *In re Carina C.* (1990) 218 Cal.App.3d 617, 622-625 [267 Cal.Rptr. 205].)

Court commissioners may serve as referees or as temporary judges, depending on the circumstances. Under the Sonoma County Superior Court Local Rules, a superior court commissioner appointed by a majority of the

---

information of the court in a special proceeding. [¶] (5) When the court in any pending action determines that it is necessary for the court to appoint a referee to hear and determine any and all discovery motions and disputes relevant to discovery in the action and to report findings and make a recommendation thereon." (Code Civ. Proc., § 639, subd. (a).)

[24]"The . . . presiding judge of the juvenile court or the senior judge if there is no presiding judge, may appoint one or more referees to serve on a full-time or part-time basis. A referee shall serve at the pleasure of the appointing judge . . . ." (§ 247.)

"A referee shall hear such cases as are assigned to him or her by the presiding judge of the juvenile court, with the same powers as a judge of the juvenile court, except that a referee shall not conduct any hearing to which the state or federal constitutional prohibitions against double jeopardy apply unless all of the parties thereto stipulate in writing that the referee may act in the capacity of a temporary judge." (§ 248.)

"No order of a referee removing a minor from his home shall become effective until expressly approved by a judge of the juvenile court." (§ 249.)

"Except as provided in Section 251, all orders of a referee other than those specified in Section 249 shall become immediately effective, subject also to the right of review as hereinafter provided, and shall continue in full force and effect until vacated or modified upon rehearing by order of the judge of the juvenile court. In a case in which an order of a referee becomes effective without approval of judge of the juvenile court, it becomes final on the expiration of the time allowed by Section 252 for application for rehearing, if application therefor is not made within such time and if the judge of the juvenile court has not within such time ordered a rehearing pursuant to Section 253. [¶] *Where a referee sits as a temporary judge, his or her orders become final in the same manner as orders made by a judge.*" (§ 250, italics added.)

"The . . . presiding judge of the juvenile court may establish requirements that any or all orders of referees shall be expressly approved by a judge of the juvenile court before becoming effective." (§ 251.)

"At any time prior to the expiration of 10 days after service of a written copy of the order and findings of a referee, a minor or his or her parent or guardian or, in cases brought pursuant to Section 300, the county welfare department may apply to the juvenile court for a rehearing. . . . If an application for rehearing is not granted, denied, or extended within 20 days following the date of its receipt, it shall be deemed granted." (§ 252.)

"A judge of the juvenile court may, on his [or her] own motion made within 20 judicial days of the hearing before a referee, order a rehearing of any matter heard before a referee." (§ 253.)

"All rehearings of matters heard before a referee shall be before a judge of the juvenile court and shall be conducted de novo." (§ 254.)

judges of the superior court may be appointed by the presiding supervising judge to sit "either as a commissioner or as a referee or as a judge pro tempore or as a juvenile court referee" on "such matters as the needs of the court may require." (Super. Ct. Sonoma County, Local Rules, rule 12.2 (Local Rules).)[25] Under Local Rules, rule 12.3, "[u]nless otherwise expressly specified," a commissioner *shall act as a temporary judge* with respect to any and all actions, causes or proceedings" in any court department to which the commissioner is assigned, "without further order of the court." (Local Rules, rule 12.3, italics added.)[26] The Local Rules go on to enumerate the "duties and powers" that may be exercised by a commissioner so acting as a "temporary judge." These "include but are not limited" to "[c]onduct[ing] the trial or hearing of assigned actions, causes and proceedings, whether or not contested," and "[o]therwise exercis[ing] the powers, duties and functions of a Superior Court judge." (Local Rules, rule 12.3 (A), (K).) The Local Rules clearly distinguish between the powers and duties of a commissioner serving as a temporary judge and the more limited ones of a commissioner serving as a referee. Thus, "without further order or assignment," a commissioner is authorized to "[s]erve as a juvenile court referee" even if he or she is "unable to act as a temporary judge in any matter." (Local Rules, rule 12.4 (A).)

These provisions of the Local Rules are in full compliance with California statutory and decisional authority, pursuant to which "[a] temporary judge has full judicial powers, and his [or her] orders are as final and nonreviewable as those of a permanent judge." (*In re Mark L.* (1983) 34 Cal.3d 171, 178 [193 Cal.Rptr. 165, 666 P.2d 22]; § 250 ["Where a referee sits as a temporary judge, his or her orders become final in the same manner as orders made by a judge."].) Because it was not "otherwise expressly specified" that the commissioner in this case was acting as anything *other than* a temporary judge (Local Rules, rule 12.3), the applicable law requires us to conclude that she was acting as such, and thereby exercising all the powers of a superior court judge. Thus, Grandmother's assertion that the commissioner in this case was sitting as a referee rather than a temporary judge is simply incorrect.

---

[25]This local rule is specifically authorized by the Legislature in Government Code section 70142.12, which states in pertinent part: "In Sonoma County, the judges of the superior court, by majority vote, may appoint a court commissioner. The superior court may provide that the commissioner, *in addition to the powers and duties specified in Section 259 of the Code of Civil Procedure*, shall perform the duties of a probate commissioner . . . and, if appointed by the presiding judge of the juvenile court, shall perform the duties of a juvenile court referee as specified in Section 247 of the Welfare and Institutions Code." (Gov. Code, § 70142.12, subd. (a), italics added.)

[26]"*Unless otherwise expressly specified*, the commissioner, without further order of the court, shall act as a temporary judge with respect to any and all actions, causes or proceedings whether civil, criminal or juvenile in nature and whether regularly or specially assigned to the commissioner or to the department in which the commissioner is sitting." (Local Rules, rule 12.3, italics added.)

Grandmother insists that to the extent they permit a commissioner to try the contested hearing as a temporary judge without stipulation of the parties, the Local Rules are in violation of article VI, section 21 of the California Constitution. In the first place, clearly the Local Rules must be interpreted and applied in compliance with the constitutional principle that "[t]he jurisdiction of a court commissioner, or any other temporary judge, to try a cause derives from the parties' stipulation." (*In re Horton, supra,* 54 Cal.3d at p. 90.) Regardless of whether the parties' required stipulation is explicitly mentioned by the Local Rules, that jurisdictional requirement cannot simply be omitted or disregarded.

It is under the *facts* of this case that Grandmother's challenge fails. Although the jurisdiction of a temporary judge to try a cause derives from and depends upon the parties' stipulation thereto, this constitutional requirement is nevertheless subject to implied waiver. Thus, for constitutional purposes a valid stipulation may be *implied* by the *conduct* of the parties, including their participation in a proceeding tried by a temporary judge. (*In re Horton, supra,* 54 Cal.3d at pp. 86, 90-100; *In re Mark L., supra,* 34 Cal.3d at pp. 178-179; *Estate of Soforenko* (1968) 260 Cal.App.2d 765, 766-767 [67 Cal.Rptr. 563].) The record reflects that although Grandmother purportedly refused to stipulate to the commissioner sitting as judge at the outset of the contested hearing, she had earlier failed to object at the time trial was originally set before the commissioner. This failure to make a timely objection was tantamount to an implied waiver of the required stipulation that the matter be heard by the commissioner sitting as a temporary judge. (*In re Horton, supra,* 54 Cal.3d at pp. 90-94, 97-98; *In re Mark L., supra,* 34 Cal.3d at pp. 178-179; *Estate of Soforenko, supra,* 260 Cal.App.2d at pp. 766-767.)[27]

Moreover, even were we to accept the validity of Grandmother's belated attempt on the day of the scheduled hearing to withdraw her earlier

[27]"[A]lthough the original constitutional language providing for temporary judges, as well as the current language of the Code of Civil Procedure, speaks of a written stipulation of the parties litigant, we have ratified a line of cases recognizing that a valid stipulation for purposes of the constitutional provision may arise as a result of the *conduct* of the parties. These cases hold that *conduct short of an express oral or written stipulation may be tantamount to a stipulation that a court commissioner may sit as a temporary judge.* [Citations.] . . . 'An attorney may not sit back, fully participate in a trial and then claim that the court was without jurisdiction on receiving a result unfavorable to him [or her].' [Citation.] [¶] . . . [¶]

"The constitutional language providing for trial by a temporary judge has not been interpreted to mean that the authority to stipulate rests solely with the client, or that the client's express stipulation is necessary. On the contrary, the cases establishing the doctrine of tantamount stipulation to trial by a temporary judge refer routinely both to the client's *and* to the attorney's conduct in entering the stipulation. [Citations.] . . . [¶] Thus, our ratification of the doctrine of tantamount stipulation strongly suggests not only that an express stipulation by the client is unnecessary, but also that counsel's conduct may provide the basis for the tantamount stipulation. [¶] . . . [¶]

implied stipulation, she effectively waived her present procedural claim by subsequently failing to seek any rehearing of the commissioner's decision before a juvenile court judge. ■ Absent timely challenge, the orders of a subordinate judicial officer sitting as a temporary judge, even without proper stipulation, become final upon expiration of the time for rehearing. (Cf. *In re Carina C., supra,* 218 Cal.App.3d at pp. 622-625; §§ 250, 252.) ■ It is undisputed that Grandmother did not seek such a rehearing. To the extent the decision of the commissioner in this case was subject to rehearing by a juvenile court judge at all, Grandmother's failure to seek such a rehearing rendered the orders and decision of the commissioner final.

Citing several rules and statutory provisions requiring referees to give litigants express written notice of their right to a rehearing by a juvenile court judge, Grandmother nevertheless insists her failure to seek a rehearing is excused by the fact the commissioner failed to give her such notice of the right to a rehearing in this case. (§ 248; rules 1416(a)(2), 1417(b)(1).) The principal difficulty with this contention is that, as discussed, in this instance the commissioner was acting not as a referee, but as a temporary judge. As such, the commissioner was clothed with "full judicial powers," and her orders were "as final and *nonreviewable* as those of a permanent judge." (*In re Mark L., supra,* 34 Cal.3d at p. 178, italics added; see also § 250.) Indeed, just as California law makes a clear distinction between referees and temporary judges, it differentiates between the powers of a superior court *commissioner* sitting as a temporary judge and those of an ordinary member of the bar sitting as such. As seen, the California Rules of Court specifically provide that the requirement of a written stipulation for a matter to be tried by a temporary judge "does *not* apply to the selection of a court *commissioner* to act as a temporary judge" (rule 244(a), (b), italics added). Although section 248 requires that a "referee" provide the minor's "parent or guardian or adult relative" with "a written explanation of the right of such persons to seek review of the order by the juvenile court," that provision on its face refers to the duties of a juvenile court referee, not those of a *commissioner*

---

"In conclusion, in view of our constitutional provision for trial by temporary judge by stipulation, and in view of counsel's traditional authority to act for the client in the procedural aspects of the case, we are confident that *counsel can enter a stipulation to a temporary judge even though the court has not secured an express waiver from the litigant.* . . . A stipulation to trial by a court commissioner in no way impairs the defendant's right to a hearing. [Citation.] Just as counsel has authority to decide whether to challenge a judge under Code of Civil Procedure section 170.6 [citations], we think that counsel has authority to enter the stipulation at issue here, without an on the record admonition of the defendant, or the defendant's express, on the record waiver of the right." (*In re Horton, supra,* 54 Cal.3d at pp. 90-93, 97-98, italics added, fns. omitted.)

At the very least, *Horton* makes clear that the express stipulation of Mother's counsel to the commissioner's trying the section 366.26 hearing was sufficient to bind Mother without her express waiver.

sitting as a temporary judge in a juvenile court matter. There is *no* corresponding provision in the applicable statutes and rules requiring that a court commissioner sitting as a temporary judge give express written notification of a right of review by a juvenile court judge. ▮ In short, a commissioner sitting as a temporary judge exercises all the power, duties and functions of a superior court judge, and his or her decisions are "as final and nonreviewable" as those of such a judge. (*In re Mark L., supra,* 34 Cal.3d at p. 178.)[28]

▮ Neither rule 1416(a)(2) nor rule 1417(b)(1) supports Grandmother's assertion that her failure to seek a rehearing before the juvenile court was excused or indeed was at all relevant to the finality of the commissioner's decision. Rule 1416(a)(2)—which provides that "[t]he referee shall inform the child and parent or guardian of the right to seek review by a juvenile court judge"—is expressly limited to proceedings in a which a "referee" was "*not* acting as a temporary judge," a situation that did not obtain in this case. (Rule 1416(a)(2), italics added; cf. *In re Carina C., supra,* 218 Cal.App.3d at pp. 623-624, fn. 12.) In the same way, rule 1417 also deals exclusively with orders of "referees" *not* acting as temporary judges.[29]

---

[28]Because of the plethora of sometimes confusing statutory provisions and court rules governing the duties, functions and powers of referees, temporary judges and commissioners, the specific differences between these subordinate judicial officers are somewhat difficult to delineate. For example, rule 1415 provides in pertinent part: "(a) One or more *referees* may be appointed pursuant to section 247 to perform subordinate judicial duties assigned to the referee by the presiding judge of the juvenile court. [¶] (b) If the *referee* is an attorney admitted to practice in this state, the parties litigant *may stipulate pursuant to rule 244* that the referee shall act as a *temporary judge with the same powers as a judge of the juvenile court.*" (Italics added.) Yet rule 244 itself states that the express written stipulations otherwise required by that rule before a temporary judge may try a case do *not* apply "to the selection of a *court commissioner* to act as a temporary judge." (Italics added.) On the other hand, as the Local Rules explicitly state, even if a commissioner is "unable to act as a temporary judge in any matter," he or she may still serve as a juvenile court referee. (Local Rules, rule 12.4(A).) At a minimum, it is clear that the question whether a subordinate judicial officer is a commissioner is at least as important as whether he or she is a referee or a temporary judge, and indeed may frequently be determinative of the scope of the subordinate judicial officer's powers.

[29]Indeed, Grandmother's reliance on rule 1417(b)(1) is peculiarly inapt to the facts of this case. Rule 1417 provides generally that "all orders of a referee *shall become effective immediately,*" and "shall become *final* 10 calendar days after service of a copy of the order and findings . . . if an application for rehearing [by a juvenile court judge] has not been made within that time." (Rule 1417(a), (c), italics added.) Rule 1417(b)(1), the subdivision cited by Grandmother, deals narrowly with orders by a referee "removing a child from the physical custody of the person legally entitled to custody," and sets forth a limited exception that such orders "made by a referee shall not become effective unless expressly approved by a juvenile court judge within two court days." This provision is clearly inapplicable here, as there is no such order at issue. Neither Mother nor Grandmother was legally entitled to physical custody

Finally, even if for the sake of argument we were to accept Grandmother's assumption that the commissioner in this case was sitting as a juvenile court referee and not as a temporary judge, we are nevertheless unpersuaded that the commissioner's failure to give express written notice of the statutory right to a rehearing before a juvenile court voids the finality of the section 366.26 decision and requires reversal. ■ Even in a capital case, a defendant is *not entitled* to an express admonition of his or her right to trial before a regularly appointed superior court judge rather than a court commissioner sitting as a temporary judge; indeed, such a defendant may even be bound by his or her attorney's implied waiver of the right to stipulate to trial by a commissioner sitting as a temporary judge. (*In re Horton, supra,* 54 Cal.3d at pp. 90-94, 97-98; *In re Mark L., supra,* 34 Cal.3d at pp. 178-179; *Estate of Soforenko, supra,* 260 Cal.App.2d at pp. 766-767.) ■ Given the fact sections 250 and 252 set forth the right to seek a rehearing before a juvenile court judge and the procedure for doing so, Grandmother and her attorney were clearly on statutory or constructive notice of the right of which she now complains she was uninformed. In light of the Supreme Court's analysis in *Horton,* we see no reason why the failure of Grandmother's attorney to seek a rehearing on her behalf within 10 days (as required by §§ 250 and 252) should be *excused* by the lack of an additional express notification, and thereby require reversal of the commissioner's decision. This is particularly true in the context of this expedited appeal from a contested section 366.26 permanency planning hearing wherein the paramount consideration before both the juvenile court and this court on appeal is to determine the best interests of the minors, and to do so as expeditiously and as finally as possible. (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309-310 [19 Cal.Rptr.2d 544, 851 P.2d 826]; *In re Jasmine D.* (2000) 78 Cal.App.4th 1339, 1347-1350 [93 Cal.Rptr.2d 644].) Bearing all this in mind, we conclude that the failure to give express written notice of the statutory right to a rehearing in a *civil* juvenile dependency proceeding may be waived when a party *who is represented by counsel* fails to request such a rehearing. (*In re Horton, supra,* 54 Cal.3d at pp. 90-100.)[30]

---

of the Minors by the time of the section 366.26 proceedings before us; the only such persons were the D.'s, the Minors' foster parents. (*In re Carina C., supra,* 218 Cal.App.3d at p. 624.)

[30]The cases of *In re Drexel F.* (1976) 58 Cal.App.3d 801 [130 Cal.Rptr. 253] and *In re Adolphus T.* (1979) 96 Cal.App.3d 642 [158 Cal.Rptr. 186], cited by Grandmother, are distinguishable from the instant case. In the first place, both *Drexel* and *Adolphus* were juvenile *criminal* cases under section 602. They were thus procedurally and substantively completely different from the instant civil dependency section 366.26 proceeding. The notice provisions construed as mandatory in *Drexel* and *Adolphus* represent important safeguards for the liberty interests of minor criminal defendants. We decline to apply *Drexel's* interpretation of the predecessor statute of section 248 to the substantively different procedural context of a section 366.26 hearing before a commissioner in a civil dependency proceeding, particularly

## V. No Abuse of Discretion in Failing to Place Minors with Grandmother*

. . . . . . . . . . . . . . . . . . . . . . . . .

## VI. Disposition

The decision and orders of the juvenile court appealed from are affirmed in their entirety.

Parrilli, J., and Pollak, J., concurred.

A petition for a rehearing was denied March 29, 2002, and the petition of all appellants for review by the Supreme Court was denied June 12, 2002.

---

where the commissioner at the hearing was clothed with the power and authority of a temporary judge, the litigant claiming the right to express notification was neither a minor nor a defendant, and she was represented by competent counsel.

In addition, we note that the issue before the court in *Drexel* concerned the interpretation of former section 554, the predecessor statute to section 248. Under section 248 as *currently* written, a referee is empowered to exercise the same judicial authority as a judge of the juvenile court, "except that a referee shall not conduct any hearing to which the state or federal constitutional prohibitions against double jeopardy apply unless all of the parties thereto stipulate in writing that the referee may act in the capacity of a temporary judge." The quoted language was not present in the statute at the time of *Drexel*. (*In re Drexel F., supra*, 58 Cal.App.3d at p. 804.) The new language in section 248, which is all the more applicable to a criminal case such as *Drexel*, is clearly not relevant to the present proceeding, "which is civil in nature, designed not to prosecute the parents but to protect the child." (*In re Carina C., supra*, 218 Cal.App.3d at p. 624; see also *In re Horton, supra*, 54 Cal.3d at pp. 93-98.)

*See footnote, *ante*, page 805.