[L. A. No. 19069.   In Bank.   Nov. 28, 1944.]

MIKE KRELING, Petitioner, v. THE SUPERIOR COURT
OF LOS ANGELES COUNTY et al., Respondents.

Leo V. Youngworth for Petitioner.

J. H. O'Connor, County Counsel, Douglas De Coster, Deputy County Counsel, and Alfred Gitelson for Respondents.

CURTIS, J.—The background of the present proceeding involves a controversy arising out of a lease of a gasoline super-service station for the sale of gasoline and other commodities used in the operation of motor vehicles, and upon which there was conducted a going business. The property leased was located at Sixteenth and Main Streets in the city of Los Angeles. The lease was executed by Saul Walsh and Ann Walsh (husband and wife) and Robert Wooltz and Mildred Wooltz (husband and wife), as lessors, to petitioner Mike Kreling, as lessee, and bore date May 10, 1941. Evidently petitioner entered into the possession of the leased premises and was carrying on the business when a dispute arose between him and the lessors, for on March 6, 1942, petitioner brought an action against the lessors alleging that they had falsely and fraudulently misrepresented the net profits of the business which the service station was transacting at the date of the execution of the lease. Said action was numbered 473943, and like others hereinafter mentioned, may frequently be referred to in this opinion by its number.

On April 15, 1942, Walsh and his wife and Wooltz and his wife brought an action in the Municipal Court of the County of Los Angeles against Kreling to recover rent alleged to be due and unpaid under the terms of the lease. This action was subsequently transferred to the superior court and was given the number 476334. By stipulation of the parties it was consolidated for trial with action No. 473943.

In June, 1943, Kreling brought suit against Walsh and his wife and Wooltz and his wife in forcible entry and unlawful detainer of said service station. This action was numbered 483841.

On June 12, 1943, Kreling brought another action against the same parties for the conversion of personal property located in said service station. This action was numbered 486038.

Joint answers were interposed by the defendants in each of the actions. The answers generally denied the allegations

of the complaint in which they were filed. In case No. 476334 (brought by Walsh et al. to recover rent) the defendant Kreling, in addition to his answer, interposed a counterclaim embodying the claim for damages for false representations which was the basis of his claim in action No. 473943.

In addition to their answers consisting as we have seen of denials of the allegations of the respective complaints, Walsh and his wife and Wooltz and his wife set up an affirmative defense in each of said actions wherein they alleged that all the parties to the litigation, both the lessors and the lessee, had entered into an oral agreement on the 8th day of January, 1943; "that by the terms of said agreement, the plaintiff and defendants in each of said actions" did compromise all claims existing on the part of Walsh and his wife and Wooltz and his wife as against the petitioner Kreling; and that on the part of Kreling against Walsh and his wife and Wooltz and his wife, Kreling forever released, discharged and acquitted them of and from any obligation or liability claimed by him against them.

These four actions were set for trial before Hon. Stanley Mosk, Superior Judge of the County of Los Angeles. Prior to the day of trial petitioner gave notice for an order of court as follows:

"(1) That the trial of said action No. 483,841 [forcible entry and unlawful detainer] be immediately had.

"(2) That at the conclusion of the trial in said action No. 483,841 that the trial of the said action No. 486,038 [conversion] be had.

"(3) That at the conclusion of the trials in said actions No. 483,841 and No. 486,038 the trial of said action No. 473,943 [fraudulent representation consolidated for trial with No. 476,334 (rent)] be had.

"(4) That the evidence, both oral and documentary, offered and received at the trial of said action No. 483,841 be received and considered in so far as the evidence may be competent, relevant, and material in said actions No. 486,038 [fraudulent representation which was consolidated for trial with action No. 476,334 (rent)] and No. 473,943.

"(5) That the evidence, both oral and documentary, offered and received at the trial of said action No. 486,038 be received and considered in so far as the evidence may be competent, relevant, and material in said action No. 473,943.

"Said motion will be based and heard upon the affidavit of

Leo V. Youngworth, a copy of which is hereto attached, and the files and records of said Court in said actions.''

On the day of trial the court granted this motion and proceeded to the trial of action No. 483841 (forcible entry and unlawful detainer). Pursuant to the provisions of section 596 of the Code of Civil Procedure, the court directed that in the trial of said action the issue of the affirmative defense pleaded by Walsh and his wife and Wooltz and his wife be first tried. The court then proceeded to try the issue of the affirmative defense. Each party introduced evidence and rested the case insofar as it related to the issue of affirmative defense. On the matter being submitted, the court announced in a written opinion its decision in favor of the defendants in said action (Walsh *et al.*) and against plaintiff Mike·Kreling. In rendering its opinion, the court held that by the oral agreement of January 8, 1943, the parties to said action had compromised and settled all their differences and that each of said parties had discharged and acquitted the other of all existing claims and obligations.

Petitioner herein took exception to certain language used by the court in its statement of the reason for its decision. Embodying the language to which he took exception in an affidavit, petitioner·made a motion supported by said affidavit for a change of judges, on the ground that the Hon. Stanley Mosk was disqualified to try the remaining three cases at issue between said parties. Judge Mosk filed a counter-affidavit in opposition to said motion. The question of Judge Mosk's disqualification was tried before Hon. Myron Westover, the presiding judge of the superior court, upon an assignment by the chairman of the judicial council to hear said motion. After a full hearing of the matter Judge Westover denied the motion and held that Judge Mosk was not disqualified to try the remaining three actions. Thereupon the three remaining cases were transferred to Judge Mosk. Not satisfied with the decision of Judge Westover, petitioner instituted a proceeding in the District Court of Appeal, Second District, Division One, to prohibit Judge Mosk from trying the three remaining cases on the ground of Judge Mosk's disqualification. Upon presentation of said petition to the District Court of Appeal, that court issued an order directed to the respondent court to show cause why it should not be restrained and prohibited from assigning the three remaining untried cases to Judge Mosk. On the hearing of

said matter the District Court of Appeal held that Judge Mosk was disqualified to hear said three cases and issued a peremptory writ directed to the trial court prohibiting it from assigning said three cases for trial to the "judge of the respondent court whose disqualifications are herein passed upon." Thereafter upon petition of the respondents the proceeding was transferred to this court.

From the record before us, which is unusually full and complete, it appears that Judge Mosk rendered his opinion upon the affirmative defense on November 19, 1943. In this opinion he sustained the affirmative defense interposed by Walsh et al. in the four actions then pending before the court; that is, he held that the oral agreement was entered into by all the parties to said action on January 8, 1943, and was a "full and complete agreement" as to all of their differences. In action No. 483841, the forcible entry and unlawful detainer action then on trial before the court, the agreement provided that "Saul Walsh shall be entitled to possession of said station and all receipts from the sale therefrom subsequent to this date." In construing this provision of the agreement of January 8, Judge Mosk held: "Now, however, I cannot help but feel the agreement provided for possession of Mr. Walsh and his associates at the time they entered escrow proceedings. The escrow was not opened or offered to be opened until the 15th of January." It appears, however, that Walsh took possession of the service station on January 13. The court therefore held: "And, so, I will have to find that while the defendant [Walsh] has completely performed all of his obligations under the agreement, the settlement was not to be effective until the 16th of January, and so, from the 13th to the 16th of January, he was in unlawful possession of the premises." As there had not been any evidence introduced as to the extent of the damage, the court continued the trial of the case for that purpose.

The trial was resumed on November 29, 1943. After evidence was introduced for the purpose of proving the damage sustained by petitioner for the three days when Walsh was unlawfully in possession of the service station after January 13, the court fixed said damage at "$25 per day or $75 for the three days" and announced its judgment in favor of Walsh et al. on their affirmative defense, except that it gave petitioner judgment for $75 as damages for the three days' unlawful possession of the service station by Walsh. Peti-

tioner Kreling made no objection to the trial by Judge Mosk of this issue of damages. In fact he expressly assented to the court's final disposition of said action No. 483841. Petitioner had theretofore, and probably at the opening of court on November 29, 1943, filed his motion to have another judge assigned in the place of Judge Mosk, but expressly limited his motion to the three remaining cases then before the court: No. 486038 (conversion), No. 473943 (fraudulent representation) consolidated with No. 476334 (rent). These cases were then transferred by Judge Mosk to another department of the superior court for the purpose of hearing petitioner's motion for change of judges. We have already seen that upon the denial of said motion all three of said cases were reassigned to Judge Mosk for trial.

The order of court affecting the three pending actions provided that the evidence in No. 483841 (the forcible entry and unlawful detainer action, which had already been tried and decided by the court) should be received and considered insofar as it might be competent, relevant, and material in said actions (the three remaining cases). As stated above, Walsh et al. had interposed their affirmative defense in each and all of said four actions, and the court had ordered that this affirmative defense be first tried. Following this order the court did try and sustain this defense in the first case tried. In each of the remaining cases petitioner seeks to recover a money judgment based upon certain alleged wrongful acts of Walsh et al. committed long prior to January 8, 1943. The court in its decision in the first case held that any damages sustained by petitioner by reason of these wrongful acts had been settled and satisfied by the oral agreement of January 8. There is therefore nothing actually left to be tried in the three remaining cases. Petitioner makes no claim that he has any further or additional evidence upon said affirmative defense to offer in any of these cases which would change the result reached by Judge Mosk in his decision of the first of these cases. Neither does he make any claim that the evidence received in the case already tried is not as competent, relevant and material in the three cases yet to be tried as it was in the one already tried. His sole claim is that Judge Mosk, after hearing the evidence introduced in the first case, arrived at a state of mind, based upon this evidence, which disqualified him from acting in the other cases. ■ It is well settled in this state that the expressions of opinion uttered by a judge, in what he conceives to be a discharge of his official

duties, are not evidence of bias or prejudice. *(Estate of Friedman,* 171 Cal. 431, 440 [153 P. 918] ; *McEwen* v. *Occidental Life Ins. Co.,* 172 Cal. 6, 11 [155 P. 86] ; *Fishbaugh* v. *Fishbaugh,* 15 Cal.2d 445, 456 [101 P.2d 1084] ; *Evans* v. *Superior Court,* 107 Cal.App. 372, 381 [290 P. 662].)

In the *McEwen* case, the trial judge, on the jury rendering a verdict for the plaintiff, stated: "I do not see how the jury could possibly have reached this verdict." He subsequently granted defendant's motion for a new trial. Plaintiff appealed from the order of court granting a new trial and also from an order denying her motion to transfer the motion for a new trial to another judge. In passing upon her appeal from the latter order, this court affirmed the order and in so doing stated its reasons in the following language (p. 11) :

"The vexation of the judge, and his remark that he did not know how the jury could possibly have reached such a verdict, does not show prejudice against Mrs. McEwen. These things indicated perhaps that he had formed an opinion regarding the legal questions which had been presented in the case and in reference to the sufficiency of plaintiff's proof. Such conviction in the mind of the judge, based upon his actual observation of the witnesses, the hearing of their testimony, and his knowledge of the law applicable to such cases does not amount to that prejudice against a litigant which the statute contemplates as a basis for change of venue. *(Western Bank of Scotland* v. *Tallman,* 15 Wis. 92, 104.)"

In the Fishbaugh case recently decided by this court, the trial judge stated at the conclusion of the trial, in directing judgment in favor of the plaintiff, that the appellant (the defendant) "misrepresented his financial condition" to his former wife, and that "he took the law into his own hands." An attempt was made to disqualify him on the ground of his bias and prejudice as evidenced by this statement. Considering the question of the trial court's bias and prejudice, this court said (p. 456) : "Concerning the efforts made by the appellant to disqualify Judge Knight, the statement of asserted bias or prejudice does not comply with the requirements fixed by section 170 of the Code of Civil Procedure. According to this statement, the judge said at the conclusion of the trial that appellant 'misrepresented his financial condition' to his former wife and that he 'took the law into his own hands.' But Judge Knight was acting as the finder of facts, and if the evidence introduced before him was in conflict, he had the right and it was his duty to believe the testi-

mony of the party who it appeared to him was telling the truth. . . . But neither the statements charged to Judge Knight nor his reading of the depositions, if he did so, show bias or prejudice on his part. If a judge in finding facts falls into error by basing his conclusions upon inadmissible evidence, such an action may constitute sufficient ground for a reversal of the judgment upon appeal, but will not support a charge of disqualification under section 170 of the Code of Civil Procedure.''

See, also, on this same subject the following authorities: *Ex parte American Steel Barrel Co.*, 230 U.S. 35 [33 S.Ct. 1007, 57 L.Ed. 1379]; *Benedict* v. *Seiberling*, 17 F.2d 831; *In re Equitable Trust Co. of New York*, 232 F. 836 [147 C.C.A. 30].

■ From these authorities the rule appears to be that when the state of mind of the trial judge appears to be adverse to one of the parties but is based upon actual observance of the witnesses and the evidence given during the trial of an action, it does not amount to that prejudice against a litigant which disqualifies him in the trial of the action. ■ It is his duty to consider and pass upon the evidence produced before him, and when the evidence is in conflict, to resolve that conflict in favor of the party whose evidence outweighs that of the opposing party. The opinion thus formed, being the result of a judicial hearing, does not amount to that bias and prejudice contemplated by section 170, subdivision 5, of the Code of Civil Procedure as a basis for a change of venue or a change of judges. We think that no one will dispute the applicability of this rule to the trial of a single action, where during the progress of the trial the judge decides a question of fact which amounts virtually to a decision of the whole case before him. ■ The question before us is whether this rule may be applied to the situation which was before the court here, when more than one case was to be tried. In our opinion the rule does so apply.

The four cases had all been set for trial at the same time before the same court. By agreement of all the parties, including petitioner, the cases were to be tried in a certain order suggested by petitioner. All the evidence introduced in one case insofar as it was competent, relevant and material to the other cases was to be received and considered in the other cases. Walsh *et al.* had filed an identical affirmative defense

in each of the four cases. This defense if sustained would virtually be decisive of all four cases. At the trial of the first of said four cases, the court ordered this affirmative defense to be first tried. Pursuant to this order the court proceeded to try the issue involved in this affirmative defense and after evidence had been received in support of, and against, said defense, both parties submitted the issue to the court for decision. The court sustained this defense and held that the parties were bound by the agreement of January 8, 1943, whereby they settled and adjusted all the claims and demands of each of said parties against the other. As each of the parties to all four of said actions had expressly agreed that the evidence in this first case tried should be received and considered in the other three cases insofar as it was competent, relevant and material in the other three cases, and no claim is now made that said evidence did not meet these conditions insofar as the three remaining cases were concerned, the only reasonable and fair deduction which can be made under such a factual situation is that the parties agreed and understood, as all four cases were then set for trial before Judge Mosk, that the decision of Judge Mosk in the first case tried upon an issue which was identical in all four cases should be accepted and govern the decision of that same issue in all the other cases.

The case of *Evans* v. *Superior Court, supra,* is strongly relied upon by petitioner. That case is distinguishable from the present case upon two grounds. While there were a number of cases between the same parties ready for trial, it does not appear that the facts were similar, or that the decision of one case would necessarily affect any of the others; and furthermore, the court expressly found that there was no stipulation or agreement that the cases should be tried together, or that "the evidence adduced in the McCloud case [the one tried and decided] was to be used in the other twelve or thirteen cases."

The attempt of petitioner to call in another judge to try the other cases is simply an attempt to have another judge pass upon the same question which Judge Mosk has decided. It is obvious that this cannot be done.

The application for a peremptory writ is denied.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.