Filed 2/18/16  Nelson v. Abebe CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| RENEE CAPRI NELSON, | D068087 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2015-00011907-CU-HR-CTL) |
| DONALD ABEBE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Tamila Ipema, Judge.  Affirmed.

Donald Abebe, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Donald Abebe appeals from an order enjoining him from harassing or contacting Renee Nelson, and ordering Abebe to stay 100 yards away from Nelson's home, vehicle,

and workplace.  (Code Civ. Proc., § 527.6 (§ 527.6).)  Abebe challenges the sufficiency of the evidence to support the order.  We affirm the order.[1]

FACTUAL AND PROCEDURAL BACKGROUND

In April 2015, Renee Nelson filed a petition seeking a protective order against Abebe.[2]  (§ 527.6.)  Nelson claimed she is a Wells Fargo bank employee and Abebe is a Wells Fargo bank customer who has made threats against her and other bank personnel.

In the petition, Nelson alleged the following.  On December 29, 2014, Abebe came into the bank and allegedly said to Nelson:  "I want blood or money.  Get me the name of who I need to talk to and I will show up at their doorstep.  I have so many thoughts in my head you [don't] want to know what I will do to them."  (Capitalization omitted.)  In February and April 2015, Abebe allegedly said he would cause harm to Wells Fargo's CEO, John Stumf, including to "rip [his] face off."  Abebe also allegedly told others at the bank that "bad things will happen" if they don't "get some one to fix this . . . ."

On April 8, 2015, Abebe approached Nelson at her desk at the bank, and allegedly said " 'If I have to bring pitchforks and guns, to your doorsteps like they used to do in the olden days, to get the answers that they wanted and then that's what I will do and I'm

_____

[1]    Although Nelson did not file a respondent's brief, we must uphold the order unless we find prejudicial error based on the arguments asserted in Abebe's brief and on the appellate record.  (See *Nakamura v. Parker* (2007) 156 Cal.App.4th 327, 334.)  We find no error on the record before us.

[2]    Nelson's petition was not included in the appellate record.  We augment the record to include the petition because it was before the trial court at the time it ruled and is necessary as foundational matter in reviewing this appeal.

willing to do it. Whatever it takes. I'm not scared of bloodshed, if I have to kill myself in here then that's what I have to do. the paperwork is in the appropriate hands if I happen to pass away anyways . . . . They don't care about my 15 month old baby girl, so why would I care about Wells Fargo's family? . . . YOU are the face of Wells Fargo and though you have been professional and helpful with me, someone in Wells Fargo needs to pay. you can go home at night thinking there is a line of separation between work and home but I will prove that there is no line. Wells Fargo needs to pay. There will be bloodshed. . . ." (Underlining omitted.)

Later that same day, Abebe sent an email to Nelson allegedly stating: " 'It pains me to have brought you to tears today. I apologize deeply! This situation is painful, and frustrating. I hope we can find a resolution quickly that would end this suffering all the way around. Your tears have driven me to come home and file as many complaints with as many agencies and regulators as I can find. . . . Your tears make me angrier and more determined! There are no more chances, and no more time. NOW, it's all systems forward. Again, I am very sorry I made you cry! Hopefully we can rejoice over victory soon. Pray that God would put His fear into these people, so that they would repent and make this right!' " (Underscoring omitted.)

In her petition, Nelson alleged these claimed threats caused her to have "Emotional anxiety, depression, [and] stress."

About three weeks after Nelson filed the petition, the court held a hearing. Nelson and Abebe were both present at the hearing. The order states that Nelson testified and called two witnesses: George Smith and Detective Dean Way. The hearing was not

3

reported by a court reporter or recorded electronically. According to the court's order, during the hearing Detective Way told the court "there may be criminal charges pending against" Abebe. The court then advised Abebe of his constitutional right to remain silent. Abebe responded he would exercise this right, but would cross-examine the witnesses.

After the court heard the testimony and "careful[ly] review[ed]" the "entire record," the court found Nelson "met the high burden of proof" under section 527.6 and proved her case by "[c]lear and [c]onvincing [e]vidence." The court imposed a one-year restraining order, and stated its decision was "based on the law that governs [section] 527.6 et seq." The protective order prohibited Abebe from harassing or contacting Nelson, and ordered Abebe to stay 100 yards away from Nelson's home and workplace.

## DISCUSSION

### I. *Review Standards*

It is a fundamental tenet of appellate law that the lower court's judgment is presumed to be correct. As the party seeking reversal, it is the appellant's burden to provide an adequate record to overcome the presumption of correctness and show prejudicial error. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132.)

We must make all reasonable inferences favoring the court's order, and must affirm the judgment if any possible grounds exist for the trial court to have reached its factual conclusions. (See *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447-448.) Any ambiguity in the record is resolved in favor of the

4

judgment.  (*Ibid.*)  In the absence of a reporter's transcript, we cannot evaluate issues requiring a factual analysis and must presume "the trial court acted duly and regularly and received substantial evidence to support its findings."  (*Stevens v. Stevens* (1954) 129 Cal.App.2d 19, 20; see *Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657.)

An appeal is not a second trial.  The role of an appellate court is to determine whether any error occurred, and if so whether that error was prejudicial to the defendant. Absent a prejudicial error, a Court of Appeal cannot remand a matter for a new hearing. (See *Aguayo v. Amaro* (2013) 213 Cal.App.4th 1102, 1109; *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106.)

## II.  *Section 527.6*

The court imposed the restraining order under section 527.6, which permits the issuance of a protective order against a person who has engaged in "harassment." (§ 527.6, subd. (a); see *R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188-189.) "Harassment" means "unlawful violence, *a credible threat of violence*, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose."  (§ 527.6, subd. (b)(3), italics added.)  A " '[c]redible threat of violence' is a knowing and willful statement or course of conduct that would place a reasonable person in fear for his or her safety, or the safety of his or her immediate family, and that serves no legitimate purpose."  (§ 527.6, subd. (b)(2).)

5

The purpose of section 527.6 " 'is to prevent future harm to the applicant by ordering the defendant to refrain from doing a particular act.' " (*Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2005) 129 Cal.App.4th 1228, 1266.) Before imposing a protective order, a trial court must find clear and convincing evidence that unlawful harassment exists. (§ 527.6, subd. (i).) If the court determines a party has met the "clear and convincing" standard, the court's determination will not be disturbed on appeal without a showing of a clear abuse of discretion. (See *Shapiro v. San Diego City Council* (2002) 96 Cal.App.4th 904, 912; *Ensworth v. Mullvain* (1990) 224 Cal.App.3d 1105, 1111, fn. 2.) A trial court's exercise of discretion must be upheld unless the court acted in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice. (*People v. Rogers* (2013) 57 Cal.4th 296, 326.)

### III. *Analysis*

Abebe challenges the sufficiency of the evidence supporting the finding that he engaged in conduct warranting a protective order. He contends he never threatened Nelson; he never said he was going to " 'shoot up the bank' "; and his demeanor was always "calm and rational." He argues Nelson contacted the police solely in retaliation for his stated intention to complain to government regulators, and the witnesses' testimony was based on speculation and "slander."

There are no facts in the record supporting Abebe's assertions. The hearing was not recorded or reported, nor did the parties prepare a settled statement. Without a reporter's transcript or stipulated facts, we must presume the evidence supported the

6

court's findings. An appellant who attacks a judgment, but supplies no reporter's transcript, is precluded from asserting that the evidence was insufficient to support the judgment. (*City of Chino v. Jackson* (2002) 97 Cal.App.4th 377, 385.)

Moreover, even assuming certain evidence supported Abebe's position, the existence of this evidence does not show reversible error. A Court of Appeal cannot reweigh the evidence. (See *Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.) We are required to "resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge in all legitimate and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence which is reasonable, credible and of solid value." (*Ibid*.) An appellate court " ' "must *presume* that the record contains evidence to support every finding of fact . . . ." ' [Citations.] It is the appellant's burden . . . to identify and establish deficiencies in the evidence. [Citation.] This burden is a 'daunting' one." (*Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409.)

Abebe did not show reversible error under these standards. The court's order makes clear the court understood the applicable law, applied the clear-and-convincing proof burden, and "carefully reviewed" the evidence under proper legal standards. The court's evaluation included Nelson's allegations in her initial petition, and a review of the evidence to determine whether the facts supported Nelson's allegations. Based on this evaluation, the court concluded Nelson's evidence was credible and Nelson satisfied her statutory burden to show by clear and convincing evidence that Abebe had engaged in harassment under section 527.6. We are bound by this factual finding.

In his appellate brief, Abebe asserts arguments based on facts that are not contained in the appellate record. He provides no factual citations, and we have found no evidence in the record supporting his assertions. An appellate court is limited to evaluating the facts contained in the appellate record, and an appellant is not permitted to rely on or discuss facts outside the record. (*Kendall v. Barker* (1988) 197 Cal.App.3d 619, 625.) Statements of alleged facts that are not in the appellate record will be disregarded by the appellate court. (*Ibid.*; *Knapp v. City of Newport Beach* (1960) 186 Cal.App.2d 669, 679; *Pulver v. AVCO Fin. Svcs.* (1986) 182 Cal.App.3d 622, 632.) We therefore reject Abebe's arguments that are based on alleged facts outside the record. (See Cal. Rules of Court, rule 8.204(a)(1)(C).)

Abebe contends his due process rights were violated because the court "did not allow [him] to question . . . Nelson during the hearing." There is no evidence in the record to support that the court precluded him from questioning Nelson. Abebe states that Nelson was not a witness at the hearing. This assertion is contrary to the court's statement in its order that Nelson was sworn and testified. But even if Abebe's assertion is true, there are no facts showing that Abebe could not have called Nelson as a witness.

We reject Abebe's additional contention that the trial judge abused her discretion by "employing her own feeling and opinion, which could be tainted by a gender bias . . . ." "An opinion formed by a judge as the result of a judicial hearing, even though it is adverse to a party, does not amount to bias." (*Guardianship of L.V.* (2006) 136 Cal.App.4th 481, 500; see *Kreling v. Superior Court* (1944) 25 Cal.2d 305, 312.) "[R]ulings against a litigant, even when numerous and continuous, do not [support] a

8

charge of bias and prejudice."  (*Dietrich v. Litton Industries, Inc*. (1970) 12 Cal.App.3d 704, 719.)  There is nothing in the record showing the court was biased against Abebe or that the court based its decision on irrelevant or improper factors.

### DISPOSITION

Order affirmed.  The parties to bear their own costs on appeal.


HALLER, J.

WE CONCUR:


BENKE, Acting P. J.


McDONALD, J.