Filed 7/25/22  Peng v. F.M. Tarbell CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| BO PENG,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>F.M. TARBELL CO.,<br><br>Defendant and Respondent. | B317907<br><br>(Los Angeles County<br>Super. Ct. No. 19STCP00416) |

APPEAL from postjudgment orders of the Superior Court of Los Angeles County, Michael P. Linfield, Judge.  Affirmed as modified.

Bo Peng, in pro. per., for Plaintiff and Appellant.

Benjamin K. Griffin for Defendant and Respondent.

* * * * * *

This is the third appeal in this matter.  In the first appeal, we affirmed a judgment concluding that a real estate agent who fell outside of the statutory definition of an "employee" was not entitled to unpaid wages under the Labor Code.   (*Peng v. F.M. Tarbell Co.* (Dec. 24, 2020, B304763) [nonpub. opn.] (*Peng I*).)  In the second appeal, we upheld as valid an award of $73,639.03 in attorney fees and costs incurred during the proceedings giving rise to that judgment. (*Peng v. F.M. Tarbell Co.* (May 27, 2021, B307484) [nonpub. opn.] (*Peng II*).)  In this appeal, the real estate agent seeks to overturn the imposition of an additional $64,170 in attorney fees and $434.30 in costs against him.  The agent is correct that the trial court abused its discretion in awarding a sizable portion of the attorney fees—namely, $38,115.  We accordingly reduce the trial court's postjudgment order by this amount.

## FACTS AND PROCEDURAL  BACKGROUND[1]

### I.     Regarding the First Appeal

#### A.     *The agreement*

Bo Peng (plaintiff) is a licensed real estate agent.  In April 2015, he signed an Independent Contractor Agreement (the agreement) with F.M. Tarbell Company (Tarbell).  In the agreement, plaintiff agreed that (1) he was associating with Tarbell solely as an independent contractor and not as an "employ[ee]," (2) his "only remuneration" would be the commission he earned for facilitating the sale or purchase of real estate, and (3) "the prevailing [party]" "[i]n any action, proceeding, or arbitration between" himself and Tarbell "arising

---

[1]     We draw these facts from our prior opinions in this matter, *Peng I* and *Peng II*.

2

from or related to" the agreement "shall be entitled to reasonable attorney's fees and costs."

In November 2017, Tarbell terminated the independent contractor arrangement with plaintiff.

### B. *Proceedings before the labor commissioner*

In August 2018, plaintiff filed a complaint with the labor commissioner in which he asserted that he was an "employee" of Tarbell and that $20,168.01 worth of commissions he was owed constituted "unpaid wages" under Labor Code section 201, which also triggered his entitlement to "waiting time penalties" under Labor Code section 203. A hearing officer for the labor commissioner awarded plaintiff no relief after finding he was not an "employee" of Tarbell.

### C. *Plaintiff's lawsuit, bench trial, and plaintiff's first appeal*

In February 2019, plaintiff filed a complaint in superior court seeking an "appeal de novo" pursuant to Labor Code section 98.2. Following a one-day bench trial in January 2020, the trial court directed a verdict for Tarbell based on the independent finding that plaintiff was an "independent contractor," not an employee entitled to unpaid wages or waiting time penalties. The court entered judgment for Tarbell and against plaintiff, and found Tarbell to be "the prevailing party in this case."

Plaintiff appealed. In an unpublished opinion issued December 24, 2020, we affirmed the judgment for Tarbell. (*Peng I*, *supra*, B304763.) On March 25, 2021, we issued the remittitur stating that "Tarbell is entitled to its costs on appeal."

## II. Regarding the Second Appeal

In February 2020, the month after Tarbell prevailed before the trial court, it filed a memorandum of costs and a motion for

3

attorney fees for the amounts it incurred in connection with the proceeding before the labor commissioner and the "appeal de novo" proceeding in the trial court.

In August 2020, the trial court ruled that Tarbell was entitled to those costs and fees based on Civil Code section 1717 and the attorney fees clause in the agreement. The court then awarded Tarbell its costs and entered an amended judgment awarding Tarbell $72,519.03 in attorney fees.

Plaintiff appealed. In an unpublished opinion issued on May 27, 2021, we affirmed the amended judgment awarding Tarbell its prevailing party attorney fees and costs. (*Peng II*, *supra*, B307484.) On August 13, 2021, we issued the remittitur stating that "Tarbell is entitled to its costs on appeal."

## III. Regarding This (The Third) Appeal

On September 21, 2021, Tarbell[2] filed a motion to recover additional attorney fees falling into two categories: (1) fees coming to $40,770, which Tarbell claimed it incurred in connection with plaintiff's second appeal, and (2) fees coming to $23,400, which Tarbell claimed it incurred in connection with enforcing the underlying judgment in its favor. On the same day, Tarbell also filed a memorandum of costs seeking $434.30 incurred in connection with plaintiff's second appeal.

---

[2] Though the motion was filed by Tarbell, the caption on the motion states that the attorney represents "Redwood Lending Services, a California corporation," an entity having nothing to do with this case. This is clearly a typographical error. However, this is not the first time Tarbell's attorney has made similar errors that have injected unnecessary confusion into these proceedings. (See *Peng II*, *supra*, B307484 [Tarbell incorrectly captioned title of motion and provided incorrect date of service on memorandum of costs].)

Plaintiff opposed Tarbell's motion and also filed a separate motion to tax the entirety of the attorney fees and costs requested by Tarbell.

Following further briefing and two hearings in November 2021, the trial court awarded Tarbell the full amount of its requested fees and costs, and denied plaintiff's motion to tax.

Plaintiff filed this timely appeal.

## DISCUSSION

In his briefing on appeal, plaintiff argues that (1) the underlying judgment should be vacated as "void," (2) the two trial court judges who have presided over his case as well as the author of this opinion are part of a "multi-judge corruption ring" bribed by Tarbell, and (3) the trial court abused its discretion in its most recent attorney fees and cost orders.

We need not tarry long with plaintiff's first two sets of arguments. Plaintiff's first argument fails because the underlying judgment is not "void." Plaintiff has not argued—and cannot succeed in arguing—that the trial court lacked "fundamental" "jurisdiction" over the subject matter or the parties. (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660.) Because the judgment is at most *voidable*, the doctrine of res judicata precludes us from revisiting it once more. (*People v. Silva* (1981) 114 Cal.App.3d 538, 549-550 [res judicata bars subsequent attacks on a nonvoid judgment]; cf. *Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1239 ["[t]he doctrine of res judicata is inapplicable to void judgments"].) Plaintiff's second argument is premised, not on any facts,[3] but rather on the logic, "I lost, therefore the judicial

---

[3] Plaintiff asserts without any support that the author of this opinion acted improperly by unilaterally transferring the initial appeal in this case from Division One to Division Two. Plaintiff's

5

officers who presided over my trial, post-trial matters, and appeal must be biased against me." This does not constitute bias.[4] (Code Civ. Proc., § 170.2, subd. (b); *Kreling v. Superior Court* (1944) 25 Cal.2d 305, 312.)

In examining plaintiff's third set of arguments, we review the trial court's award of attorney fees and costs for an abuse of discretion but review de novo the court's underlying statutory authority to do so. (*La Mirada Ave. Neighborhood Assn. of Hollywood v. City of Los Angeles* (2018) 22 Cal.App.5th 1149, 1156; *Carpenter v. Jack in the Box Corp.* (2007) 151 Cal.App.4th 454, 460; *Hooked Media Group, Inc. v. Apple Inc.* (2020) 55 Cal.App.5th 323, 338.)

---

speculation is contradicted by the official docket in this case, which shows that this transfer was performed by the Administrative Presiding Justice (who has not been on any the panels of justices in Division Two deciding plaintiff's three appeals) pursuant to authority granted by California Rules of Court, rule 10.1000(b), to reassign plaintiff's first appeal from Division One to Division Two because Division Two had already decided plaintiff's earlier November 2019 writ petition (B302455).

[4] Plaintiff's further allegations that these judicial officers have been "bribed" is the type of disparaging rhetoric that is sanctions-worthy. (See Cal. Rules of Court, rule 8.276; see *In re S.C.* (2006) 138 Cal.App.4th 396, 422 ["[d]isparaging" a bench officer "is a tactic that is not taken lightly"; "it is contemptuous for an attorney to make the unsupported assertion that the judge was 'act[ing] out of bias toward a party'"].) Despite plaintiff's conduct, we nevertheless decline to impose sanctions at this time.

6

**I.   Attorney Fees and Costs Incurred in Connection with Plaintiff's Second Appeal**

**A.   *Governing Law***

1.   *Award of costs on appeal*

The party who prevails in a civil appeal is ordinarily entitled to have the losing party reimburse it for certain costs reasonably incurred during that appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (d)(1).)  The prevailing party bears an initial burden of establishing a prima facie case, and carries that burden by filing a verified cost bill in the trial court within 40 days after the appellate court issues the remittitur.  (Cal. Rules of Court, rule 8.278(c)(1); *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 855; *Ladas v. California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 774.)  The losing party then bears the burden of making a "proper[] object[ion]" to specific costs in a motion to tax.  (*Jones v. Dumrichob* (1998) 63 Cal.App.4th 1258, 1265.)

2.   *Award of attorney fees on appeal*

A prevailing party's entitlement to the recovery of its costs on appeal does not *automatically* entitle that party to recover its attorney fees on appeal.  (Cal. Rules of Court, rule 8.278(d)(2).)  Substantively, there must also be a statute or contract providing for the award of such fees.  (*Id.*, rules 8.278(d)(2), 3.1702(c).)  Where, as here, the prevailing party has established its substantive entitlement to attorney fees before the trial court, that party may also "request fees attributable to [prevailing on] a subsequent appeal."  (*Butler-Rupp v. Lourdeaux* (2007) 154 Cal.App.4th 918, 923, 927; *American City Bank v. Zetlen* (1969) 272 Cal.App.2d 65, 67.)  Procedurally, the prevailing party on appeal must file a motion in the trial court requesting the contractually authorized attorney fees, and must do so no more than 40 days after the appellate court has issued the remittitur

7

on that appeal. (Cal. Rules of Court, rules 3.1702(c)(1), 8.278, subd. (c)(1).)

### B. *Analysis*

#### 1. *Costs*

The trial court did not abuse its discretion in awarding Tarbell the $434.30 in costs it incurred in connection with plaintiff's second appeal. Tarbell established its prima facie case: Tarbell prevailed in the second appeal; Tarbell filed a verified memorandum of costs; and Tarbell filed that memorandum less than 40 days after our remittitur issued. Although plaintiff filed a motion to tax, his motion did not establish that the costs Tarbell sought were not recoverable.

Plaintiff resists this outcome with two arguments.

First, he contends that Tarbell did not timely serve its memorandum of costs. Plaintiff is wrong. Tarbell served its memorandum one day shy of the 40-day cutoff.

Second, plaintiff contends that the trial court erred procedurally by awarding Tarbell its costs at the first hearing (regarding Tarbell's motion for attorney fees), even though it did not hear any argument on plaintiff's motion to tax until a second, subsequent hearing. Plaintiff is correct that the trial court erred in awarding costs prior to the second hearing at which the cost issue was argued, but this error was not prejudicial because the trial court reaffirmed its cost ruling after the second hearing. Because the trial court's procedural misstep did not affect the propriety of the court's cost award, we have no basis to reverse.

#### 2. *Attorney fees*

The trial court abused its discretion in awarding Tarbell *the entirety* of the $40,770 in attorney fees Tarbell attributed to work on plaintiff's second appeal. That is because the award includes a significant amount of fees—specifically, $14,715—that the billing records unequivocally show were incurred while

8

litigating matters *other than* the second appeal, such as plaintiff's first appeal and unrelated trial court matters.[5]  Tarbell is not entitled to recover fees incurred on the first appeal (for such things as preparing for and attending oral argument or dealing with rehearing on that appeal) because the 40-day deadline for recovering any attorney fees regarding *that* appeal expired back in May 2021, four months before Tarbell filed its motion for attorney fees in September 2021.  Although a trial court is authorized, for good cause, to extend the 40-day deadline (Cal. Rules of Court, rule 3.1702(d)), the trial court never expressly extended that deadline here, and Tarbell never made a showing of good cause to do so.[6]

---

[5]      This amount of nonrecoverable attorney fees reflects Tarbell's counsel's $450 hourly rate for a total of 32.7 hours on the following dates:  October 1, 2020 (0.90), October 16, 2020 (0.30 and 0.30), October 22, 2020 (2.7), October 23, 2020 (4.5), October 26, 2020 (2.3), October 28, 2020 (0.9), October 29, 2020 (0.3), November 13, 2020 (0.5), November 16, 2020 (1.4), November 17, 2020 (0.9), November 23, 2020 (0.2), December 8, 2020 (0.9 and 1.4), December 16, 2020 (3.6 and 0.5), December 24, 2020 (2.3), January 4, 2021 (3.2), January 7, 2021 (0.3), January 8, 2021 (0.2 and 0.2), January 30, 2021 (3.6), February 22, 2021 (0.5), March 24, 2021 (0.1 ad 0.2), and March 25, 2021 (0.5).

[6]      In its September 2021 motion for attorney fees, Tarbell requested that, if technical difficulties related to the COVID-19 pandemic prevented the clerk's office from filing the motion, an extension to file that motion should be granted *beyond* September 21, 2021.  But Tarbell never asked the court to extend that deadline to seek fees for the *first* appeal, which had by that time already expired.

Tarbell offers no arguments to contest our conclusion that it sought and recovered $14,715 in supposed appellate attorney fees to which it was not entitled.

Plaintiff more broadly argues that Tarbell is not entitled to *any* attorney fees incurred in connection with the second appeal. However, for the reasons noted above, plaintiff has not carried his burden of showing legal and factual error beyond the error we have identified.

## II. Attorney Fees Incurred in Connection with Enforcing the Judgment

### A. *Governing Law*

A judgment creditor is entitled to recover "the reasonable and necessary costs" incurred to "enforc[e] a judgment." (Code Civ. Proc., § 685.040.) Recoverable "costs" include attorney fees incurred in enforcing a judgment where, as here, "the underlying judgment includes an award of attorney's fees to the judgment creditor" on the basis of a contract, statute, or law. (*Id.*, §§ 685.070, subd. (a)(6), 1033.5, subd. (a)(10); *Jaffe v. Pacelli* (2008) 165 Cal.App.4th 927, 935 (*Jaffe*).)

### B. *Analysis*

The trial court erred in awarding Tarbell $23,400 in attorney fees it claims to have incurred while enforcing the underlying judgment. (*Jaffe, supra,* 165 Cal.App.4th at p. 934 [the issue of "whether the trial court had the *authority* pursuant to [Code of Civil Procedure] section 685.040 to issue such an award" "is a legal issue, which we review de novo"].) That is because the billing records submitted in support of Tarbell's motion establish, on their face, that the fees were incurred for two reasons that do not, as a matter of law, amount to "enforc[ing] a judgment" within the meaning of Code of Civil Procedure sections 685.040 and 685.070.

10

In its motion, Tarbell sought to recover fees for two categories of "enforcement" activities:  (1) defending the underlying judgment during plaintiff's first appeal, and (2) seeking and litigating its motion for attorney fees that were incurred before the labor commissioner and trial court.

As explained below, neither of these activities constitutes an enforcement of the judgment.

### 1.      *Defending the underlying judgment*

Our Supreme Court has declared that efforts by a party to oppose an appeal from an underlying judgment are not efforts "undertaken to *enforce* the judgment but to defend it against reversal or modification."  (*Conservatorship of McQueen* (2014) 59 Cal.4th 602, 605, 608-610.)

### 2.      *Seeking and litigating attorney fees*

When a party files a motion to obtain prevailing party attorney fees pursuant to a contract following a judgment declaring it to be the prevailing party, that motion is not an effort to *enforce* the underlying judgment; instead, it is an effort to amend that judgment to include a new, contract-based award of attorney fees.  Although section 685.040 authorizes a party to obtain attorney fees incurred while enforcing that portion of a judgment that *already* contains an attorney fee award (Code Civ. Proc., § 685.040; *Jaffe, supra*, 165 Cal.App.4th at p. 935 [setting forth this "requirement[] before a motion for an award of postjudgment attorney fees may be awarded"]; *Chinese Yellow Pages Co. v. Chinese Overseas Marketing Service Corp.* (2008) 170 Cal.App.4th 868, 888 ["an essential element specified in section 685.040 of recoverable reasonable and necessary fees is that the underlying judgment *must* include an award of attorney's fees"]), the judgment in this case did not contain such an award at the time Tarbell incurred the fees for which it is now seeking reimbursement.  The underlying judgment here simply declared

Tarbell's status as a prevailing party (and, by inference, its possible entitlement to fees if a contract or statute so provided). (Cf. *Guo v. Moorpark Recovery Service, LLC* (2021) 60 Cal.App.5th 745, 747, 750-751 [judgment awarding unspecified amount of attorney fees to prevailing party sufficient to constitute an "award" of fees in underlying judgment]). The fees-to-enforce-fees exception is therefore inapplicable here.

Tarbell offers no argument in its appellate briefs challenging our conclusion that it sought and obtained $23,400 in supposed judgment enforcement attorney fees to which it was not entitled. Indeed, at oral argument Tarbell did not dispute that it was awarded appellate attorney fees *and* judgment enforcement fees to which it is not legally entitled. But Tarbell insists that plaintiff waived any challenge to the unrecoverable fees. We reject Tarbell's argument for two reasons. First, plaintiff sufficiently preserved a challenge to the timeliness of Tarbell's appellate attorney fees in the trial court. Second, because, as noted above, the entitlement to attorney fees is a legal question and because we have the discretion to consider legal questions for the first time on appeal (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 699-700), we cannot ignore the clear legal error that resulted in Tarbell's excessive attorney fee award.

In light of our conclusion, we have no occasion to reach plaintiff's further arguments as to why Tarbell is not entitled to its requested judgment enforcement attorney fees.

## DISPOSITION

The trial court's orders are affirmed as modified in conformity with this opinion. Specifically, the award of costs to Tarbell is affirmed, and the award of attorney fees to Tarbell is modified to strike a total of $38,115 (representing $14,715 Tarbell incurred unrelated to plaintiff's second appeal and $23,400

Tarbell incurred unrelated to enforcing the judgment).  The parties are to bear their own costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
CHAVEZ